THOMAS F. DOHERTY vs. CHARLES H. RICE & trustee.

Worcester.   September 29, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* In driving.

In an action for being run over by a team of the defendant, it is evidence of negligence on the part of the driver, that as the plaintiff was walking across an uncrowded street the defendant's team was driven at a trot from the other side of the street over a pile of sand and against the plaintiff and that thereupon the driver lashed the horse with the reins and drove off without stopping.

TORT for personal injuries caused by being run over by a team of the defendant negligently driven by the defendant's servant. Writ dated July 16, 1901.

In the Superior Court *Gaskill,* J. refused to rule that the plaintiff was not entitled to recover and to give the other rulings requested by the defendant.   The jury returned a verdict for the plaintiff in the sum of $500 ; and the defendant alleged exceptions.

The accident occurred on June 29, 1901.   The testimony of the defendant in regard to the boy Eddie Morrow, referred to by the court, was as follows : " There was no boy in my employ during the month of June from the twelfth of June to the first of September who receipted for goods to be delivered by my teams.   The boy or person whose initials ' E. M.' have been mentioned by the previous witnesses was Eddie Morrow."

On cross-examination the defendant further testified as follows : " I could not tell you how old Eddie Morrow is ; he is in his teens.   He has worked for me part of the time through three or four weeks near the first of September.   He did not work for me before June only on Saturday.   Saturdays and holidays he worked.   I did not employ Eddie Morrow and other boys to drive my team and deliver parcels on Saturdays and holidays. I don't know whether he worked for me last spring, but he has worked for me before June, and he has worked since, about a month ago.   I have been in stores with Morrow when he was in my employ.   He was in my employ, I don't remember what

he did.    After the twelfth of June he was not in my employ. I was only here two or three days the latter part of June."

*A. M. Taft & J. B. Scott,* for the defendant.

*C. C. Milton & G. A. Gaskill,* for the plaintiff.

BARKER, J.   1. The exception to the refusal to rule that there was no evidence that the plaintiff was in the exercise of due care is not argued upon the defendant's brief and we treat it as waived.

2. It is conceded that the team belonged to the defendant, and the testimony of Curran that during the month of June there was a young boy about sixteen years old taking parcels from a store on the defendant's team, in connection with the description of the boy who was driving the team when it ran over the plaintiff, and the defendant's own testimony as to the boy Eddie Morrow was sufficient evidence that the boy who was driving the team when it ran over the plaintiff was the defendant's servant to justify the judge in sending that question to the jury.

3. There was also sufficient evidence of negligence on the part of the driver.   The evidence tended to show that as the plaintiff was walking across the street which was not crowded either with vehicles or foot travellers the team which just before had been delivering goods on the other side of the street was driven at a trot over a pile of sand and against the plaintiff and that thereupon the driver lashed the horse with the reins and went off without stopping.

*Exceptions overruled.*